# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

**v.**                                                **Case No. 02-C-1007**
                                                                       **(00-CR-153)**

**MILTON S. JONES,**

        **Movant.**

# DECISION AND ORDER

Before the Court is Milton Jones' ("Jones") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He bases his motion on four claims, all of which are without merit.

On February 13, 2001, a jury found Jones guilty of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Jones was sentenced to 253 months' imprisonment. Jones filed an appeal, but it was later voluntarily dismissed.

In his § 2255 motion, Jones raises four claims challenging his conviction and sentence. First, he alleges that he was denied effective assistance of counsel because his trial counsel incorrectly advised him as to the possible sentence he faced if he proceeded to trial. Second, he claims he was denied effective assistance of counsel because his trial counsel had an actual conflict of interest that caused him not to call a witness. Third, he avers that the

1

government failed to disclose potentially exculpatory evidence. And finally, he argues that he is entitled to eleven months' credit on his sentence because the Court failed to adjust his sentence to credit Jones for the time he spent in state custody. The Court will address each of Jones' claims in turn.

I.  Ineffective Assistance of Counsel Based on Purported Incorrect Estimate of Sentence

During Jones' plea negotiations, his trial counsel allegedly told Jones he would not qualify as an armed career criminal because his Wisconsin burglary convictions would not count as predicate acts for armed career criminal status. Thus, his trial counsel advised Jones that his maximum sentence, if he were to be found guilty at trial, would be 120 months' imprisonment. The government made a plea offer of 71 months to 96 months. Jones alleges that the difference between the government's plea offer, and what he thought was his maximum exposure at trial, was not significant, and justified the risk of trial.

After Jones was found guilty at trial, he learned at sentencing that his Wisconsin burglary convictions in fact counted as predicate acts for armed career criminal status. Instead of facing a maximum sentence of 120 months, he rather faced a guideline range of 235 to 292 months. Jones alleges, in his § 2255 motion, that his trial counsel's inaccurate calculation and advice during plea negotiations denied him his constitutional right to effective assistance of counsel.

"Misinformation from a defendant's attorney, such as an incorrect estimate of the offense severity rating, standing alone, does not constitute ineffective assistance of counsel."

2

*Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993). The movant must also show that the inaccurate advice resulted from the attorney's failure to undertake a good faith analysis of the relevant facts and law. *See Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Jones failed to allege that his trial counsel's calculation was not undertaken in good faith. Accordingly, his first ground for § 2255 relief must be denied.

II.     Ineffective Assistance of Counsel Based on Alleged Conflict of Interest

On July 15, 2000, police recovered a firearm from a car driven by Jones, from which his current conviction arose. Maurice Withers was a passenger in the car when the police discovered the firearm. During pre-trial investigation, Jones' trial counsel allegedly became aware that Withers told Jerry Christian that Withers had actually possessed the firearm and abandoned it when the police approached. Jones' trial counsel interviewed Christian and Withers, and they both purportedly told Jones' trial counsel that Withers possessed the firearm, not Jones.

Government agents subsequently interviewed Withers, who then denied possessing the firearm and claimed that members of Jones' family had asked Withers to take responsibility in exchange for a monetary payment. Withers also suggested that Jones' trial counsel attempted to improperly influence Withers to claim that Withers had possessed the firearm. Jones' trial counsel did not call Withers or Christian as witnesses at trial, a decision that Jones now alleges was a denial of his right to effective assistance of counsel. Specifically, Jones claims that his trial counsel had a "conflict of interest" because if he

3

called Christian or Withers as a witness, Withers' allegation that his counsel attempted to improperly influence Withers would come to light.

The Sixth Amendment entitles a criminal defendant to an attorney "whose undivided loyalties lie with the client." *United States v. Ellison*, 798 F.2d 1102, 1006 (7th Cir. 1986). Thus, a criminal defendant may base his claim of ineffective assistance of counsel on the fact that his attorney has a conflict of interest. *See United States v. Balzano*, 916 F.2d 1273, 1292 (7th Cir. 1990). If the defendant makes a timely objection at trial, a trial court must hold a hearing to determine whether the potential conflict jeopardizes a defendant's right to counsel. *See Ellison*, 798 F.2d at 1106-07. However, when no objection is presented to the trial court, "a reviewing court cannot presume that the possibility for conflict has resulted in ineffective assistance of counsel." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). In such instances, the defendant who failed to raise the objection at trial must "demonstrate that an actual conflict of interest adversely affected his lawyer's performance." *Id.* at 348.

Jones fails to prove that his trial counsel's alleged "conflict of interest" adversely affected his counsel's performance at trial. If Jones' trial counsel had called Withers, not only would Withers have potentially alleged that Jones' counsel improperly influenced him, but Withers would also likely allege that Jones' family offered to pay Withers to take responsibility for the firearm. In addition, Withers would have testified that the firearm was in Jones' possession, which would have further prejudiced Jones.

A similar problem would have arisen if his trial counsel called Christian to testify.

4

Prior to trial, the government threatened to call Withers to testify if Jones called Christian to testify. Thus, to avoid the difficulties fraught with Withers' testimony, Jones' counsel chose not to call Christian.

This Court must "make every effort . . . to eliminate the distorting effects of hindsight," and is obliged to apply a "heavy measure of deference to counsel's judgment." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In the instant case, when eliminating the benefit of hindsight, Jones' trial counsel acted reasonably by not calling Withers or Christian to testify. If he would have called either one of them, Jones would have faced the prospect of at least one hostile witness, Withers, whose testimony would have been directly adverse to Jones' interests at trial. Accordingly, Jones' second claim for ineffective assistance of counsel must be denied.

III.   Claim that the Government Withheld Exculpatory Information

During Jones' trial, the parties stipulated that the handgun recovered from Jones' car had been unsuccessfully tested for fingerprints. After trial, Jones sought a laboratory report of the finger print test, which was never provided to Jones. Now, Jones claims that the government's failure to provide him the laboratory report violated his due process right to exculpatory information.

The Due Process Clause of the Fourteenth Amendment requires a prosecutor to disclose evidence favorable to an accused. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). Nevertheless, a prosecutor is not required "to divulge every possible shred of evidence that

5

could conceivably benefit the defendant." *United States v. Hamilton*, 107 F.3d 499, 509 (7th Cir. 1997). Nor is the prosecutor obliged to disclose merely speculative evidence. *United States v. Bhutani*, 175 F.3d 572, 577 (7th Cir. 1999).

Jones provides no reason to believe that the finger print report showed anything different than what the parties stipulated at trial. His mere speculation that the report might have proved helpful is not grounds for his claim that the prosecutor withheld exculpatory information. His third ground for relief, therefore, must be denied.

IV.     The Alleged Sentencing Calculation Error

Finally, Jones complains that this Court improperly applied the sentencing guidelines when calculating his sentence. This is not a constitutional claim, and therefore must be raised on direct appeal first. *See Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). A movant may raise a non-constitutional claim in a § 2255 motion, without first raising it on direct appeal, only if he can show both good cause for the failure to raise the claim on appeal and actual prejudice from the failure to raise those claims. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

Jones provides no reason why he failed to raise his sentencing calculation issue on direct appeal first. Thus, his claim of a sentencing error must be dismissed.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Jones' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is **DISMISSED**.

The clerk is directed to close this case and enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of February, 2006.

                                            **BY THE COURT**

                                            s/ Rudolph T. Randa
                                            **Hon. Rudolph T. Randa**
                                            **Chief Judge**